NICHOLLS, J.
Plaintiff alleged that on the 27th of May, 1882, his mother, then Miss L. M. Bauman, purchased from the heirs of A. M. Pierce, then the legal owner thereof, certain property in the city of Shreveport, described as lot 1, block 4 of 10-acre lot 31 of the said city.
That on the loth of May, 1883, his said mother pretended to donate to one Mrs. L. S. Bauman, widow, the property above described, with all the buildings and improvements thereon.
That said pretended donation was illegal, null, and void, in that by its terms it contained a substitution prohibited by the laws of Louisiana, or, if not a substitution, that same is a fidei eommissum, also contrary to law. That said pretended donation did not convey title to the alleged donee, but„that his mother remained the owner of the property, notwithstanding said act. That his mother died in the year 1884, leaving petitioner as her sole heir, and that, being her sole heir, he became the sole and absolute owner of said property. That said property was worth considerably more than $5,000.
That on the 20th of January, 1905, he was induced to sell said property, together with other property, being an undivided one-fifth interest in the N. W. % of N. W. % of section 11, township 16 N., range 14 W., same being worth itself more than $100, to H. A. Bauman, for the sum of $600.
That the property sold by him by said act was well worth more than eight times the amount of the purchase price received by him, and that he is entitled to have the same rescinded and annulled for lesion beyond moiety. ’
In view of the premises he prayed that Mrs. L. S. Bauman and H. A. Bauman be cited, and that he have judgment setting aside and annulling said sale of January 20, 1905, for lesion beyond moiety, and recognizing him as the owner of lot 1, in block 4 of 10-acre lot 31 of the city of Shreveport, with all buildings and improvements thereon, and of an undivided one-fifth interest in and to N. W. % of N. W. % of section 11, township .16, range 14, on his returning to defendant H. A. Bauman the sum of $600, with interest from judicial demand, less the rents and revenues of said property from judicial demand.
He prayed in the alternative, in the event said H. A. Bauman elected to redeem said property and make up the just amount of the value of said property, that he have judgment against him in the sum of $4,500, with legal interest from judicial demand.
Each defendant excepted that there was a misjoinder of defendants, as the cause of action of one of the defendants was to set aside a sale which embraced other property.
The defendant H. A. Bauman excepted that plaintiff alleged that he had received $600 from the defendant, and had made no tender or offer to return same; hence could not maintain the action.
Mrs. L. S. Bauman answered. After pleading the general issue, she averred that in May, 1882, when the title to the lot in controversy was made to Miss L. M. Bauman, *85 her daughter was a minor, without means, living with respondent; that respondent’s husband (L. D. Bauman) had lost, or was about losing, his mind; that there was no community property existing between her and her said husband; that, fearing that she and her children might be deprived of their home, she was advised to purchase property upon which she might reside, and in order to do so the title was taken in the name of Miss L. M. Bauman, and paid for by respondent with the community funds of herself and her husband ; that afterwards respondent purchased the house now on said lots and paid for same; and that the transfer to her was simply a returning of the property belonging to her and her husband, L. D. Bauman, at that time non compos mentis, and the title was so taken with the conditions expressed therein, in order that at her death the property might pass to her heirs, to whom it rightfully belonged in equal proportion.
The defendant H. A. Bauman answered. After pleading the general issue, he admitted a purchase of property from the plaintiff on the 20th of January, 1905, but averred that defendant only intended to purchase an undivided one-fifth interest in lot No. 1 of 10-acre lot No. 31 of the' city of Shreveport, as that was the only interest claimed by plaintiff, the consideration being $600, and two lots near the residence of respondent, upon which the said plaintiff was to build a residence and reside. The title to said lots respondent is ready to make at any time.
Further answering, he averred that plaintiff’s interest in the N. W. % of the N. W. % of section 11, township 16, range 14, of Caddo parish, with a like interest in the improvements thereon, was inserted in the deed after reaching the notary’s office at the request of the plaintiff, as he was at that time due him a note for $15, which was past due and unpaid, and, if the plaintiff will pay the said amount, with interest, he will at once transfer to him the interest so conveyed in the said N. W. % of the N. W. of section 11.
For further answer, he adopted the answer which his co-respondent filed.
The district court rendered judgment in favor of the defendants H. A. Bauman and others against the plaintiff, rejecting the latter’s demand.
Plaintiff appealed.
In the act of sale on the 20th of January, .1905, before Herndon, notary public, from the plaintiff, John It. Cain, to Henry A. Bauman, one of the defendants herein, the property transferred was primarily described as lot 1 of 10-acre lot 31 of the city of Shreveport, with all the buildings and improvements thereon, the property being referred to as the same property which had been donated by his mother, Mrs. L. M. Cain (then deceased), to Mrs. S. L. Bauman; but this is modified by the subsequent recital that;
“The intention of the vendor was to sell and transfer any interest that he might have in said property as the heir, and legal interest of his mother, or that would revert to him from his grandmother, Mrs. S. L. Bauman, at her death.”
The transfer was made with full guaranty of title, and with complete subrogation of all rights and actions of warranty against all former proprietors of the property.
The price stipulated in the act was $600.
It is very apparent that it was not the intention of Cain to sell, nor H. A. Bauman to buy, more than an interest of one-fiftli in the property first described. Bauman disclaims holding as absolute owner any part of the property secondly described, admitting that in reality he holds it only as security for the payment to him of a note against Cain for $15, with interest, and expressing a readiness to transfer the title to the latter when legally called upon so to do.
H. A. Bauman disclaims ownership of more than one-fifth interest in the property first described. He and the plaintiff stand as vendor and vendee in relation to that prop *87 erty only to that extent, and to that extent only can the demand for rescission extend.
We think that plaintiff is not entitled under the evidence to a rescission of the interest plaintiff conveyed to H. A. Bauman in the first described property for lesion beyond moiety, and plaintiff’s demand was properly rejected by the court.
The plaintiff’s mother, holding the legal title to the property first described, transferred the same by authentic act in the form of a sale to her mother. The plaintiff, as heir of his mother, is not justified, under the circumstances of this case, in ignoring and holding as absolutely null the act of his mother and author by which she took the title out of herself and placed it in that of'her mother. After such conveyance to another of title by the apparent owner, the actual present holder of the legal title is authorized, when attacked, to introduce parol evidence to sustain her legal title by showing the actual facts.
We are of the opinion that the judgment appealed from is correct, and'it is hereby affirmed.